UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARY JANE DUCHENE,

Plaintiff,

v.

KORINE LARSON LAND, KEVIN FINNEGAN, MIKE BISANZ, TERRY MARUSKA, MIKE SMITH, CHIEF COOK, TOM IAGO, JEFFREY BATZEL, J. ALLBEE, TOM FANGEL, JIM HOUSLY, all personally and professionally; and THE CITY OF WEST ST. PAUL,

Defendants.

Civil No. 00-745 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous."

FILED APR 07 2000
... DOSAL, CLERK
...
DEPUTY CLERK

In the instant case, Plaintiff is seeking relief under 42 U.S.C. § 1983, which allows individuals to sue government officials who allegedly have violated the individual's constitutional rights while acting under color of law. To state an actionable § 1983 claim, a complaint must describe specific events or occurrences, and specific acts or omissions by the individual defendants, which support the legal conclusion that the defendants violated the plaintiff's constitutional rights. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Furthermore, the complaint must "allege facts" showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added).

---

Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

Even with the benefit of liberal construction, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current pleading does not state any actionable civil rights claim, because it does not describe any acts or omissions by any individual Defendants that violated Plaintiff's federal constitutional rights. Indeed, most of the Defendants are never even mentioned anywhere in the body of Plaintiff's pleading. The vague accusations in Plaintiff's complaint,[2] asserted against all of the various Defendants indiscriminately, will not suffice. Ellis, supra.

Where Plaintiff has mentioned particular Defendants by name, she has not described any specific acts or omissions by such Defendants that violated her constitutional rights. She alleges, for example, that in 1986, Defendant Jeffrey Batzel "falsely accused [her]... of misconduct towards [her] mother... for the purpose of altering the jointly owned estate of plaintiff and her mother...." (Complaint, p. 4, ¶ 2.) If Defendant Batzel published some defamatory statement that harmed Plaintiff's reputation, she might be able to bring a defamation action against him. However, there are no factual allegations suggesting that Batzel did anything to violate Plaintiff's federal constitutional rights.[3] The alleged defamation incidents involving Kevin Finnegan and Richard Verhagen, (Complaint, p. 6, ¶s 5(b) and 5(c)), likewise fail to support any actionable

---

[2] Plaintiff broadly alleges, for example, that Defendants violated her rights by "creating and/or endorsing a pattern of persistent, continuing, malicious, selective, vindictive, and willful harassment of the plaintiff by abuse of the criminal law and law enforcement powers regarding city and state laws, ordinances and building codes...." (Complaint, [Docket No. 1], p. 2, ¶ 1.)

[3] Furthermore, Plaintiff's claims against Defendant Batzel would almost certainly be time-barred under whatever statute of limitations might be applicable, as those claims are based on events that allegedly occurred fourteen years ago.

constitutional claim.

It is further alleged that Defendant Mike Bisanz directed someone, (not identified by name), to enter Plaintiff's property for the purpose of removing snow and ice. (Complaint, pp. 5-6, ¶ 5(a).) This allegation might give rise to a trespass action under state common law tort principles, but again, there are no factual allegations suggesting that Bisanz (or anyone else) violated Plaintiff's federal constitutional rights.

The only other named Defendant who is specifically mentioned in the substantive allegations of the complaint is Korine Larson Land, who apparently is an Assistant City Attorney for the City of West St. Paul. It is vaguely alleged that Land tried to prosecute Plaintiff on charges that, according to Plaintiff, were unsustainable. Once again, however, Plaintiff has not specifically described anything that Land did or failed to do that violated Plaintiff's constitutional rights.[4] Furthermore, even if the complaint did describe some misconduct by Land that might arguably have infringed upon Plaintiff's constitutional rights, Land would undoubtedly have a complete defense to Plaintiff's claims based on prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976); Shoultes v. Laidlaw, 886 F.2d 114, 118 (6th Cir. 1989).

Thus, the Court concludes that Plaintiff's complaint does not include factual allegations that would support any actionable § 1983 claim against any named Defendant.

---

[4] Plaintiff has attempted to bolster her claims against Defendant Land by citing two letters, both of which are attached to the complaint. Those two letters, however, provide no support whatever for any constitutional claim -- to the contrary, they suggest only that Defendant Land has made a good faith effort to respond to Plaintiff's questions and concerns about a certain "incident report" prepared by the West St. Paul Police Department.

It follows that Plaintiff's IFP application must be denied, and that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff has not shown any factual or legal basis for her attempted § 1983 lawsuit, it is further recommended that this action be certified as frivolous, and not undertaken in good faith, so that Plaintiff will not be eligible for IFP status on appeal. See 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith").

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This action be certified as not undertaken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

Dated: April 7th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.