UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary Jane Duchene,

Plaintiff,

v.

Korine Larson Land, Kevin Finnegan, Mike Bisanz, Terry Maruska, Mike Smith, Chief Cook, Tom Iago, Jeffrey Batzel, J. Allbee, Tom Fangel, Jim Hously, all personally and professionally; and the City of West St. Paul,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-745 ADM/AJB

---

This matter came before the undersigned United States District Judge on April 26, 2000 pursuant to Plaintiff's objections to the April 7, 2000 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan. Judge Boylan recommended that Plaintiff's pro se application to proceed *in forma pauperis* be denied, that Plaintiff's action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that the action be certified as not undertaken in good faith. Plaintiff objects, arguing that Judge Boylan misapplied 28 U.S.C. § 1915.

A district court must make an independent, *de novo* determination of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.1(c)(2).

After conducting a *de novo* review of the record and the applicable law, this Court agrees with Judge Boylan's analysis and adopts the R&R in its entirety. Plaintiff has failed to describe

FILED MAY 1 0 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 1 0 2000
DEPUTY CLERK

with specificity, either in her complaint or in her objections, the events, occurrences, specific acts, or omissions by any of the defendants, which support Plaintiff's claim that her constitutional rights were violated. Plaintiff's pleadings are conclusory and vague and do not state a claim upon which relief may be granted. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Dismissal of the suit and denial of Plaintiff's application for *in forma pauperis* status is proper under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires such action if a complaint fails to state a claim on which relief may be granted.

This Court also finds that the suit is frivolous because the factual contentions supporting Plaintiff's claims are baseless and the claims are based on meritless legal theory. The attachments to the complaint demonstrate Plaintiff's history of filing unsupported, unwarranted lawsuits. Thus, this order certifies that the Plaintiff has not undertaken the action in good faith, and she is not eligible for *in forma pauperis* status on appeal. See 28 U.S.C. § 1915(a)(3).

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. No. 2] is **DENIED**;

2. This action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This action is certified as not undertaken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: 5/9/00

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.